E-filing

```
Gary R. Selvin, State Bar No. 112030
Mark E. Inbody, State Bar No. 180862
SELVIN WRAITH HALMAN LLP
505 14th Street, Suite 1200
Oakland, CA 94612
Telephone:  (510) 874-1811
Facsimile:  (510) 465-8976
E-mail:  gselvin@selvinwraith.com
         minbody@selvinwraith.com

Attorneys for Plaintiff
Atlantic Mutual Insurance Company
```

FILED
DEC 1 7 2007
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

ADR

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ATLANTIC MUTUAL INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>NORMAN S. WRIGHT MECHANICAL EQUIPMENT CORPORATION; RICHARD LEAO; TRUCK INSURANCE EXCHANGE; ADVANCED MICROTHERM, INC.; HVAC SALES, INC.; JOHN KARAMANOS; AND DOES 1 through 10,<br><br>Defendants. | CASE NO.: **C07-06365** HRL<br><br>**COMPLAINT FOR DECLARATORY RELIEF, REIMBURSEMENT OF DEFENSE COSTS** |

Plaintiff Atlantic Mutual Insurance Company ("Atlantic Mutual") hereby complains of Defendants Norman S. Wright Mechanical Equipment Corporation ("Wright"), Richard Leao ("Leao"), Truck Insurance Exchange ("Truck"), Advanced Microtherm, Inc. ("AMI"), HVAC Sales, Inc. ("HVAC") and John Karamanos ("Karamanos") as follows:

### I. JURISDICTION AND VENUE

1.  Jurisdiction over this action is founded upon 28 U.S.C. §§ 1332 and 2201(a).

2.  Venue is proper under 28 U.S.C. § 1391(a) and (c), this claim having arisen and Defendants doing business in this judicial district.

///

## II. PARTIES

3. During all relevant time periods, Atlantic Mutual was and is both an insurance company and a corporation duly organized and existing under the laws of the State of New York having its principal place of business in New York.

4. Atlantic Mutual alleges on information and belief that during all relevant time periods, Wright was and is a corporation duly organized and existing under the laws of the State of California with its principal place of business in California and doing business within this judicial district.

5. Atlantic Mutual alleges on information and belief that during all relevant time periods, Leao was and is the President of Wright.

6. Atlantic Mutual alleges on information and belief that during all relevant time periods, Truck was and is a corporation duly organized and existing under the laws of the State of California with its principal place of business in California and doing business within this judicial district.

7. Atlantic Mutual alleges on information and belief that during all relevant time periods, AMI was and is a corporation duly organized and existing under the laws of the State of California with its principal place of business in California and doing business within this judicial district.

8. Atlantic Mutual alleges on information and belief that during all relevant time periods, HVAC was and is a corporation duly organized and existing under the laws of the State of California with its principal place of business in California and doing business within this judicial district.

9. Atlantic Mutual alleges on information and belief that during all relevant time periods, Karamanos was and is the President of AMI and HVAC.

## III. FACTUAL BACKGROUND

10. Atlantic Mutual incorporates by reference herein all the allegations set forth in the complaint entitled Karamanos, et al. v. Norman Wright Mechanical Equipment Corporation, et al., United States District Court, Northern District of California, San Jose Division civil action no. C 04-2266 JW ("Underlying Action"). The plaintiffs in the Underlying Action shall collectively be referred to herein as "Karamanos."

11. Karamanos sued Wright and Leao in the Underlying Action for unfair business competition. Both Karamanos and Wright represent manufacturers in the design and implementation

of commercial ventilation systems. The Complaint in the Underlying Action alleges fifteen causes of action, including one cause of action for defamation.

12. Atlantic Mutual issued to Wright and Leao its commercial general liability policy no. 494 30 38 20 (with effective dates of April 1, 1998 – April 1, 1999), policy no. 494 30 46 44 (with effective dates of April 1, 1999 – April 1, 2000), and policy no. 494 40 67 35 (with effective dates of April 1, 2000 – April 1, 2001) (collectively "Atlantic Mutual policies").

13. The Atlantic Mutual policies provide in relevant part:

SECTION I—COVERAGES

COVERAGE B PERSONAL AND ADVERTISING INJURY LIABILITY

1. Insuring Agreement

    a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "personal and advertising injury" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "personal and advertising injury" to which this insurance does not apply. . . .

    b. This insurance applies to "personal and advertising injury" caused by an offense arising out of your business but only if the offense was committed in the "coverage territory" during the policy period.

2. Exclusions

This insurance does not apply to:

    a. "Personal and advertising injury":

        (1) Caused by or at the direction of the insured with the knowledge that the act would violate the rights of another and would inflict "personal and advertising injury";

        (2) Arising out of oral or written publication of material, if done by or at the direction of the insured with knowledge of its falsity;

        (3) Arising out of oral or written publication of material whose first publication took place before the beginning of the policy period;

        . . .

SECTION V—DEFINITIONS

1. "Advertisement" means a notice that is broadcast or published to the general public or specific market segments about your goods, products or services for the purpose of attracting customers or supporters.

3

COMPLAINT FOR DECLARATORY RELIEF, REIMBURSEMENT OF DEFENSE COSTS    CASE NO.:

14. "Personal and advertising injury" means injury, including consequential "bodily injury", arising out of one or more of the following offenses:

    d. Oral or written publication of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services; . . .

14. Atlantic Mutual agreed to defend Wright and Leao, and to provide them with *Cumis* counsel, in the Underlying Action. That agreement was subject to a full reservation of rights, including but not limited to the right to deny coverage and withdraw its defense pending the completion of its investigation into the factual allegations that Wright and Leao published defamatory statements about Karamanos. Atlantic Mutual also reserved its rights to challenge unreasonable and improper defense fees and costs in the Underlying Action, and to seek reimbursement of all uncovered defense fees and costs.

15. Atlantic Mutual has expended in excess of $700,000 in defense fees and costs in the Underlying Action.

16. Truck issued policies with identical or similar language to Wright and Leao effective April 1, 2001 to April 1, 2002 and April 1, 2002 to April 1, 2003.

17. Truck agreed to defend Wright and Leao in the Underlying Action, but refused to provide them with *Cumis* counsel.

18. Truck entered into a settlement of the Underlying Action with Karamanos on or about October 19, 2007. The settlement agrees to dismiss all allegations of or damages resulting from defamation, including the ninth cause of action, ending any potential for coverage under the Atlantic Mutual policies.

## IV. FIRST CLAIM FOR RELIEF

### (Declaratory Relief – Duty to Defend)

### (Wright and Leao only)

19. The allegations of paragraphs 1 through 18 are re-pled and re-alleged here as though fully set forth herein.

20. An actual controversy has arisen and now exists between Atlantic Mutual and Defendants Wright and Leao concerning their respective rights and obligations under the Atlantic

---
4
**COMPLAINT FOR DECLARATORY RELIEF, REIMBURSEMENT OF DEFENSE COSTS**
CASE NO.:

Mutual policies issued to Wright and Leao. Atlantic Mutual contends that it is not obligated under the Atlantic Mutual policies to continue to provide a defense to either Wright or Leao for the claims being asserted against them by Karamanos in the Underlying Action. As a result of the settlement between Truck and Karamanos, none of Karamanos's claims asserted against Wright and Leao in the Underlying Action is potentially covered under the Atlantic Policies. Atlantic Mutual alleges on information and belief that Wright and Leao dispute Atlantic Mutual's contentions and maintain that Karamanos's claims against them in the Underlying Action are covered under the Atlantic Mutual policies or at least trigger a duty to defend.

21. Atlantic Mutual has no plain, speedy or adequate remedy at law. Atlantic Mutual desires a judicial determination, and a declaration of the parties' respective rights and duties under the Atlantic Mutual policies is both necessary and appropriate at this time.

22. WHEREFORE, Atlantic Mutual prays for judgment against Wright and Leao, as set forth hereafter:

## V. SECOND CLAIM FOR RELIEF

### (Reimbursement of Pre-Settlement Defense Fees)

### (Wright and Leao only)

23. The allegations of paragraphs 1 through 22 are re-pled and re-alleged here as though fully set forth herein.

24. Atlantic Mutual contends that it is entitled to reimbursement of all defense fees incurred for claims in the Underlying Action that are not potentially covered under the Atlantic Mutual policies.

25. WHEREFORE, Atlantic Mutual prays for judgment against Wright and Leao, as set forth hereafter:

## VI. THIRD CLAIM FOR RELIEF

### (Reimbursement of Post-Settlement Defense Fees)

### (Wright and Leao only)

26. The allegations of paragraphs 1 through 25 are re-pled and re-alleged here as though fully set forth herein.

27. Atlantic Mutual contends that after the potentially covered claim for defamation was settled in the Underlying Action, Atlantic Mutual's duty to defend, if any existed, terminated.

28. Atlantic Mutual contends that it is entitled to reimbursement of all sums it has paid and continues to pay for defense of the Underlying Action after the settlement between Truck and Karamanos on or about October 19, 2007.

29. WHEREFORE, Atlantic Mutual prays for judgment against Wright and Leao, as set forth hereafter:

## VII. FOURTH CLAIM FOR RELIEF
### (Declaratory Relief – Duty to Indemnify)
### (All Defendants)

18. The allegations of paragraphs 1 through 29 are re-pled and re-alleged here as though fully set forth herein.

30. An actual controversy has arisen and now exists between Atlantic Mutual and all Defendants concerning their respective rights and obligations under the Atlantic Mutual policies issued to Wright and Leao. Atlantic Mutual contends that it is not obligated under the Atlantic Mutual policies to provide any indemnity to any party for any of the claims being asserted against by Karamanos in the Underlying Action. Atlantic Mutual alleges on information and belief that Defendants dispute Atlantic Mutual's contentions and maintain that Karamanos's claims in the Underlying Action are covered under the Atlantic Mutual policies.

18. Atlantic Mutual has no plain, speedy or adequate remedy at law. Atlantic Mutual desires a judicial determination and a declaration of the parties' respective rights and duties under the Atlantic Mutual policies is both necessary and appropriate at this time.

WHEREFORE, Atlantic Mutual prays for judgment against all Defendants as set forth hereafter:

## VIII. PRAYER FOR RELIEF

1. For a declaration of the parties' respective rights and obligations under the Atlantic Mutual Policies;

///

2.  For a declaration that Atlantic Mutual is not obligated to defend or indemnify Wright or Leao in the Underlying Action;

3.  For a declaration that Wright and Leao are required to reimburse Atlantic Mutual for expenses paid for the defense of defendants in the Underlying Action;

4.  For reimbursement of amounts expended in the underlying defense prior to Truck's settlement with Karamanos, or in the alternative, for reimbursement of those costs of defense (including attorney fees, costs, expenses and any other defense-related expenditures) allocable solely to the defense of the uncovered claims, pursuant to the principles of *Buss vs. Superior Court* (1997) 16 Cal.4th 35, all according to proof;

5.  For reimbursement of amounts expended in the underlying defense subsequent to Truck's settlement with Karamanos pursuant to the principles of *Scottsdale Insurance Co. v. MV Transportation* (2005) 36 Cal.4th 643, all according to proof;

6.  For a declaration that Atlantic Mutual has no duty to indemnify any party in the Underlying Action;

7.  For costs of suit; and

8.  For such other relief that the court considers proper and just.

Dated: December 14, 2007            SELVIN WRAITH HALMAN LLP

By: _____
Gary R. Selvin
Mark E. Inbody
Attorneys for Plaintiff
Atlantic Mutual Insurance Company

47216.doc

---

7

COMPLAINT FOR DECLARATORY RELIEF, REIMBURSEMENT OF DEFENSE COSTS            CASE NO.: