Paul A. Traficante, Esquire, State Bar No. 096224
Jon S. Brick, Esquire, State Bar No. 120474

LAW OFFICES
**GRECO TRAFICANTE SCHULZ & BRICK**
185 WEST F STREET - SUITE 400
SAN DIEGO, CALIFORNIA 92101
(619) 234-3660 / FAX: 234-0626

Attorneys for Defendant NORMAN S. WRIGHT
MECHANICAL CORPORATION

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ATLANTIC MUTUAL INSURANCE COMPANY, | Case No.: C07-06365-HRL |
| Plaintiff, | |
| v. | **DEFENDANT NORMAN S. WRIGHT MECHANICAL EQUIPMENT CORPORATION'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS OR, IN THE ALTERNATIVE, STAY ACTION** |
| NORMAN S. WRIGHT MECHANICAL EQUIPMENT CORPORATION; RICHARD LEAO; TRUCK INSURANCE EXCHANGE; ADVANCED MICROTHRRM, INC.; HVAC SALES, INC.; JOHN KARAMANOS; and DOES 1 through 10, | |
| Defendants. | **Date:** April 1, 2008 **Time:** 10:00 a.m. **Courtroom:** 2 **Judge:** Howard A. Lloyd |

Defendant NORMAN S. WRIGHT MECHANICAL EQUIPMENT CORPORATION

("Wright") respectfully submits its Motion to Dismiss or Stay the Action filed by plaintiff

ATLANTIC MUTUAL INSURANCE COMPANY ("Atlantic Mutual").

## I.

## <u>INTRODUCTION</u>

Atlantic Mutual's Complaint is yet another in a series of attempts by Wright's

insurance carriers to force Wright to litigate coverage issues in multiple forums at the same

time that it is a defendant in an underlying action currently pending the San Jose Division of this Court.[1]  Wright was being defended in the underlying action by two insurance carriers, Atlantic Mutual and Truck Insurance Exchange ("Truck").  Atlantic Mutual's Complaint is an attempt to withdraw from its defense of Wright at the same time Truck, with Atlantic Mutual's financial assistance, is improperly settling a portion of the underlying action so that it too can withdraw its defense and leave Wright to fend for itself.

Indeed, based on Truck's prior handling of the defense of the underlying action, Wright was forced to file an action in the California state court alleging causes of action for breach of contract; breach of duty to provide an independent counsel; breach of duty to appoint competent counsel; breach of the implied covenant of good faith and fair dealing and declaratory relief.[2]  The state court action is currently pending in the Los Angeles Superior Court.[3]

Truck previously filed an action in the San Francisco Superior Court seeking contribution from Atlantic Mutual, which was removed to this Court and assigned Case No. 3:06-CB-04573-CRB.  Atlantic Mutual filed a motion in that case to compel the joinder of NORMAN WRIGHT as a defendant, a motion which NORMAN WRIGHT opposed. Following briefing and oral argument, the Court denied the motion to join Wright and stayed the action between the insurance companies pending resolution of the underlying action and/or Wright's state court action against Truck.

Wright also learned that Truck was engaged in efforts to reach a partial settlement of

---

[1]  An initial lawsuit against Wright, <u>Advanced Microtherm, Inc. v. Norman Wright Mechanical Equipment Corp., et al.</u>, was filed in the California Superior Court for the County of San Francisco and was removed to the San Jose Division of this Court and assigned Case No. C04-2266JW.  That matter is currently pending. Another underlying action referenced in Atlantic Mutual's Complaint,  <u>Karamanos, et al. v. Norman Wright Mechanical Equipment Corporation, et al.</u>, is also pending in the San Jose Division of this Court and bears the same case number as the <u>Advanced Microtherm</u> action.

[2]  <u>Norman S. Wright Mechanical Equipment Co. v. Truck Insurance Exchange</u>, California Superior Court Case No. BC308847.

[3]  For various reasons, Wright and Truck have been negotiating a stipulation whereby the Los Angeles Superior Court action would be dismissed and a new action between the parties will be refiled in the San Francisco Superior Court.  Those negotiations are currently underway, however, it is anticipated that the Los Angeles action will be dismissed in the near future.  The stipulation specifically provides that the state court litigation will continue, albeit in a different venue.

DEFENDANT NORMAN S. WRIGHT MECHANICAL EQUIPMENT CORPORATION'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS OR, IN THE ALTERNATIVE, STAY ACTION

the underlying action whereby it would settle the defamation causes of action, which Truck perceives as the only covered claims, leaving Wright exposed to the burden of defense and potentially uncovered claims.  Although Wright was initially successful in preventing such a partial settlement, Truck persisted in its efforts and has recently reached a settlement whereby it is funding the underlying plaintiffs to the tune of $300,000 in exchange for dismissing only the defamation claims for the sole purpose of allowing Truck to withdraw its defense.  Atlantic Mutual assisted Truck in the settlement by agreeing to fund a portion of it, and is now attempting to take advantage of Truck's actions by filing this action to withdraw its defense and recoup monies from Wright.

Although Atlantic Mutual is not a party to the underlying state court action at this time coverage issues, including the propriety of Truck's settlement of the defamation claims which was aided by Atlantic Mutual's payment, are at issue in the state court action.  In addition to Atlantic Mutual's unclean hands in helping to fund the settlement, it has delayed or refused to pay attorneys' fees incurred in the defense of Wright, delayed or refused to pay for experts retained on behalf of Wright, and has engaged in a patently erroneous audit of attorneys' fees in an attempt to avoid payment of properly owed fees and costs.  Based on its actions, Atlantic Mutual would be a proper party to the state court action and may in the future be added to that suit.

This Court should not force Wright to engage in costly litigation against Atlantic Mutual here while it is concurrently engaged as a defendant in the underlying actions and is litigating insurance issues in state court.  Rather, this Court should exercise its discretion to avoid needlessly determining state law issues pending in a parallel state proceeding and dismiss this action or stay further proceedings here until the underlying actions are completed.

## II.

## STATEMENT OF FACTS

Wright is a distributor of a construction equipment parts and components throughout Northern California.  It supplies materials to both public and private construction projects, including projects for the University of California.  From April 1998 to April 2001, Wright

DEFENDANT NORMAN S. WRIGHT MECHANICAL EQUIPMENT CORPORATION'S MEMORANDUM OF POINTS
AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS OR, IN THE ALTERNATIVE, STAY ACTION

was insured under policies issued by Atlantic Mutual.  From April 2001 to April 2003, Wright was insured under policies issued by Truck.  These policies insure Wright against liabilities arising out of its business operations, including the obligation of the insurers to defend suits alleging "personal injury."

In April of 2002, the underlying action was filed against Wright by a competitor alleging various restraint of trade causes of action, as well as state and federal statutory violations arising out of Wright's marketing and contract bidding practices.  The underlying action also alleged that Wright intentionally defamed plaintiffs by disseminating false information in the business community regarding their equipment, products and performance.

In November of 2002, Wright tendered defense of the underlying action to Truck and, in January of 2003, Truck accepted that defense and appointed defense counsel under a full and complete reservation of rights.

In February of 2005 Wright also tendered defense of the underlying action to Atlantic Mutual.  Atlantic Mutual also accepted the defense under a reservation of rights, acknowledging that under Civil Code section 2860 Wright was entitled to independent counsel.  Since that time, Atlantic Mutual has been paying Wright's personal counsel's defense costs.  Truck, on the other hand, has been paying the fees and costs of its appointed counsel.

Wright believed, and continues to believe, that a primary factor in the filing of the underlying action was its competitor's desire to put Wright out of business.  Given the complexity of the claims raised in the underlying action and the aggressiveness of the underlying plaintiffs litigation tactics, Wright was concerned that panel counsel chosen by Truck was inexperienced in the subject matter of the underlying action.  Wright requested that Truck appoint competent counsel, and continued to request independent counsel pursuant to California law.  Truck refused.  Given Truck's appointed counsel's inexperience in handling the claims asserted in the underlying action, Wright's independent counsel was forced to take the lead in its defense and incur in excess of $500,000 in attorney's fees.

In January of 2004, Wright filed suit against Truck in California state court alleging

DEFENDANT NORMAN S. WRIGHT MECHANICAL EQUIPMENT CORPORATION'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS OR, IN THE ALTERNATIVE, STAY ACTION

causes of action for breach of contract; breach of duty to provide independent counsel; breach of duty to appoint competent counsel, declaratory relief and breach of the implied covenant of good faith and fair dealing.  <u>Norman S. Wright Mechanical Equipment Co. v. Truck Insurance Exchange</u>, California Superior Court Case No. BC308847.  The state court action is currently pending in the Los Angeles Superior Court.  (<u>See</u> footnote 3.)

Soon after the bad faith action was filed, Truck filed a motion for summary judgment contending that it had no duty under Civil Code section 2860 to appoint independent counsel for the defense of Wright.  That motion was never heard, however, in large part because Wright discovered that Truck, through its coverage counsel, was attempting to negotiate a settlement with the underlying plaintiffs wherein plaintiffs would dismiss the defamation causes of action which Truck perceived as presenting the only potential for coverage under its policies.  Truck also requested that the plaintiffs in the underlying action agree not to pursue any claims against Wright which "might fall within the coverage of Truck's policies." Truck's incentive to engage in such settlement discussions was an attempt to eliminate covered claims, thereby allowing Truck to withdraw its defense and leave its insured exposed to very substantial damage claims which Truck contends are not covered by its policies. (Lack of insurance coverage for Wright would also further plaintiffs' goal of driving Wright out of business, as well as providing plaintiffs a sizeable war chest.)

Despite being advised in writing that Wright objected to any partial settlement of the underlying action which left it exposed to the burden of defense and potentially uncovered claims, Truck persisted in its efforts to settle selective claims.  Wright is informed and believes that Truck advised the representatives of the underlying plaintiffs on how to avoid pleading facts or making admissions in discovery which could potentially trigger coverage under the Truck policy.  In light of these developments, Wright moved for leave to file a first amended complaint in the state bad faith action to allege the new events.

In addition, Wright was understandably concerned that discovery in its litigation against Truck could potentially prejudice Wright in the defense of the underlying action. Wright therefore requested that the state bad faith action be stayed pending conclusion of the

underlying action.  Truck agreed, and the state court action was stayed and remained so until recently.  As noted above in footnote 3, Wright and Truck are currently working out a stipulation to dismiss the Los Angeles action without prejudice and refile the state court action in the San Francisco Superior Court.

Following the stay of the state court bad faith action, Truck filed an action against Atlantic Mutual in the California Superior Court for the County of San Francisco.  Atlantic Mutual subsequently removed the action to this Court, Case No. C07-06365, and filed a motion to compel Truck to join Wright as a defendant under Federal Rule of Civil Procedure 19.  Following an objection by Wright and oral argument, the Court agreed that compelling Wright to litigate in that matter was improper and, indeed, stayed the action between Truck and Atlantic Mutual pending the outcome of the underlying action.

Truck persisted in its efforts to settle the defamation claim, the only cause of action under which it – and Atlantic Mutual – were defending the underlying action and, in the fall of 2007, reached an agreement with the underlying plaintiffs wherein Truck, assisted by Atlantic Mutual, would pay $300,000 to the plaintiffs in exchange for a dismissal of only the defamation claims.  Truck's settlement was not only in blatant disregard for the rights of its insured, but provided plaintiffs with a $300,000 war chest in which to prosecute its action against Wright.  The propriety of Truck's actions and its ability to withdraw the defense of Wright in the underlying action will be litigated in the state court action between Wright and Truck.  Because Atlantic Mutual's sole grounds for attempting to withdraw its defense is Truck's partial settlement, the issues in the underlying state action will unquestionably impact Atlantic Mutual and its attempts to withdraw its defense.

In addition, Atlantic Mutual has continually refused and/or delayed to pay both attorneys' fees expended in the defense of Wright in the underlying action and fees and costs incurred by experts working on Wright's behalf.  Atlantic Mutual has also conducted improper audits of the attorneys' fees submitted for the defense of Wright and has steadfastly stood behind its patently erroneous audits in order to avoid paying the true costs of Wright's defense.  Based upon its unclean hands in assisting Truck's self-serving settlement and its own conduct

DEFENDANT NORMAN S. WRIGHT MECHANICAL EQUIPMENT CORPORATION'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS OR, IN THE ALTERNATIVE, STAY ACTION

in defending Wright, Atlantic Mutual would be a proper party to the state court action.

## III.

## LEGAL ARGUMENT

### A.    The Action Should Be Dismissed.

Atlantic Mutual's Complaint seeks declaratory relief under 28 U.S.C. § 2201(a). Section 2201 provides in pertinent part that

> In the case of an actual controversy within its jurisdiction … any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other relations of any interested party seeking such a declaration, whether or not further relief is or could be sought.

28 U.S.C. § 2201(a) (emphasis added).

When a parallel state court action is pending presenting the same issues of state law as is presented in a federal declaratory action, there is a presumption that the entire suit should be heard in state court.  Government Employees Ins. Co. v. Dizol, 133 F.3d 1220, 1225 (9th.Cir. 1998); Hudson Insurance Co. v. Liberty Mutual Fire Insurance Co., 2001 U.S. Dist. LEXIS 1159, *5 (N.D. Cal. 2001).

In Brillhart v. Excess Insurance Co., 316 U.S. 491 (1942), the U.S. Supreme Court addressed the issue of the exercise of a court's discretionary jurisdiction.

> Under Brillhart, the district court must make a three-step analysis in order to determine whether it should exercise its discretionary jurisdiction in an insurance coverage case. It should (1) avoid needless determination of state law issues; (2) discourage litigants from filing declaratory actions as a means of forum shopping; and (3) avoid duplicative litigation.

Hudson, supra, 2001 U.S. LEXIS *6, citing Dizol, supra, 133 F.3d at 1225 ("the Brillhart factors remain the philosophic touchstone for the district courts").

Indeed, as the Dizol court noted, the Brillhart factors are not exhausted.  In addition, the court noted such factors as whether the declaratory action will settle all aspects of the controversy; whether the declaratory action will serve a useful purpose in clarifying the legal relations at issue; whether the declaratory action as being sought merely for the purposes of procedural fencing or to obtain a "res judicata" advantage; or whether the use of a declaratory

1  action will result in entanglement between the federal and state court systems.  <u>Dizol</u>, <u>supra</u>,

2  133 F.3d at 225 n.5.

3        Application of these factors here demonstrates that dismissal is proper.

4            1.    <u>Needless Determination of State Law</u>.

5        A determination of Atlantic Mutual's claims will clearly involve interpretation of

6  California law.  In considering whether this action will involve a needless determination of

7  state law:

8        The dispositive question is … whether there was a
          procedural vehicle available to the insurance company
          in state court to resolve the issues raised in the action filed
9        in federal court.  If the state court remedy is available
          to the insurer, the district court must consider whether
10       circumstances exist that overcome the presumption that
          the entire suit should be heard in state court.

11

12  <u>Hudson</u>, <u>supra</u>, 201 U.S. Dist. LEXIS at *11, quoting <u>Polido v. State Farm Mutual Insurance</u>
    <u>Co.</u>, 110 F.3d 1148, 1423 (9th.Cir. 1997) overruled on other grounds by <u>Dizol</u>, <u>supra</u>, 133

13  F.3d at 1227.

14       Here, the state court is a proper forum to resolve the insurance coverage dispute

15  between Wright and Atlantic Mutual, and there is no evidence before the Court setting forth

16  circumstances to overcome the presumption that the entire suit should be heard in state court.

17  Moreover, because Wright is litigating coverage issues in state court, a determination by this

18  Court concerning Atlantic Mutual's coverage obligations could result in entanglement

19  between the federal and state court systems.  <u>Dizol</u>, <u>supra</u>, 133 F.3d at 225 n.5.

20           2.    <u>Forum Shopping</u>.

21       Although Atlantic Mutual is not currently a party to the state court action between

22  Wright and Truck, it seeks determination of purely state law claims and has a state forum

23  available to it.  Atlantic Mutual could have sought to intervene in the underlying state court

24  action or, alternatively, filed a state court action and have it consolidated with the pending

25  action so that all claims regarding Wright's insurance coverage could be determined by the

26  same court.  Atlantic Mutual, however, chose this Court, which would require Wright to

27  litigate in separate forums.  Atlantic Mutual's filing of the case here can be construed as

28  "procedural fending" or an attempt to obtain a res judicata advantage.  <u>Dizol</u>, <u>supra</u> , 133 F.3d

at 225, n. 5.  Therefore, this <u>Brillhart</u> factor should weigh in favor of dismissing or staying the action.

        3.     <u>Duplicative Litigation</u>.

        While Atlantic Mutual is not a party to Wright's state court bad faith action against Truck, the issue of Truck's obligation to provide a defense and the propriety of its potential settlement is squarely at issue in that case.  Requiring Wright to litigate coverage issues here while it is embroiled in the underlying action, which has been appropriately termed a "no-holds-barred fistfight," would undeniably be prejudicial to Wright.  Because the issue of insurance coverage is already pending before the state court, going forward with this action would result in duplicative litigation.

**IV.**

**<u>CONCLUSION</u>**

        Since being sued in the underlying action Wright has been engaged in a constant battle with its carriers to obtain the very protection which it purchased under the insurance policies issued by Truck and Atlantic Mutual.  Atlantic Mutual's current Complaint is a further attempt to force Wright to litigate insurance coverage in multiple forums while, at the same time, it is a defendant in the underlying action.  Atlantic Mutual has an appropriate forum for resolution of its coverage claims, California state court.  This Court should not countenance the insurer's repeated attempts to bludgeon Wright and force it to litigate on multiple fronts.  Therefore, Wright respectfully requests that the Court dismiss this action so that it may proceed in its proper forum, state court.

Dated: February 12, 2008        GRECO TRAFICANTE SCHULZ & BRICK

        By:    <u>*s/ Jon S. Brick*</u>
               Paul A. Traficante, Esq.
               Jon S. Brick, Esq.
               Attorneys for Defendant NORMAN S. WRIGHT MECHANICAL CORPORATION