Gary R. Selvin, State Bar No. 112030
Mark E. Inbody, State Bar No. 180862
SELVIN WRAITH HALMAN LLP
505 14th Street, Suite 1200
Oakland, CA 94612
Telephone:   (510) 874-1811
Facsimile:   (510) 465-8976
E-mail:   gselvin@selvinwraith.com
         minbody@selvinwraith.com

Attorneys for Plaintiff
Atlantic Mutual Insurance Company

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ATLANTIC MUTUAL INSURANCE COMPANY,<br><br>        Plaintiff,<br><br>v.<br><br>NORMAN S. WRIGHT MECHANICAL EQUIPMENT CORPORATION; RICHARD LEAO; TRUCK INSURANCE EXCHANGE; ADVANCED MICROTHERM, INC.; HVAC SALES, INC.; JOHN KARAMANOS; AND DOES 1 through 10,<br><br>        Defendants. | CASE NO.: 5:07-cv-06365 HRL<br><br>**NOTICE OF PENDENCY OF OTHER ACTIONS OR PROCEEDINGS**<br><br>[LOCAL RULE 3-13] |

TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE pursuant to Civil Local Rule 3-13 that the following cases are "related to" the instant action:

*Norman S. Wright Mechanical Equipment Corporation v. Truck Insurance Exchange*,
   Superior Court for the State of California, County of Los Angeles, civil action no. BC
   308847 (filed January 8, 2004).

*Karamanos, et al. v. Norman Wright Mechanical Equipment Corporation, et al.*, United States
   District Court, Northern District of California, San Jose Division civil action no. 5:04-
   CV-02266-JW (removed June 9, 2004).

**EXHIBIT A**

1
NOTICE OF PENDENCY OF OTHER ACTIONS OR PROCEEDINGS
CASE NO.: 5:07-cv-06365 HRL

*Truck Insurance Exchange v. Atlantic Mutual Insurance Company*, United States District Court, Northern District of California, San Francisco Division civil action no. 3:06-CV-04573-CRB (removed July 7, 2006) (currently stayed).

## I.    INTRODUCTION

This insurance coverage action *should not* be stayed or consolidated with the three other pending actions. For the Court's reference, the parties are:

- Defendant Norman S. Wright Mechanical Equipment Corporation ("Wright") is the named insured under successive Atlantic Mutual and Truck policies. Richard Leao ("Leao") is its President.
- Plaintiff Atlantic Mutual Insurance Company ("Atlantic Mutual") insured Wright from 1998 to 2001.
- Defendant Truck Insurance Exchange ("Truck") insured Wright from 2001 to 2003.
- Defendants Advanced Microtherm, Inc. ("AMI") and HVAC Sales, Inc. ("HVAC") are owned by John Karamanos ("Karamanos"). Those three parties sued Wright in the underlying liability action.

While all of the other three suits contain some combination of the same parties in this lawsuit, the issues are distinct. Moreover, it is important to Atlantic Mutual to obtain a ruling in this action quickly. The ruling it seeks has no impact on the other pending cases. Atlantic Mutual anticipates that the Court can dispose of three of Atlantic Mutual's four causes of action on summary judgment within three months of the filing of the Complaint.

## II.   DESCRIPTION AND RELATIONSHIP OF THE OTHER ACTIONS

### A.    Liability action against the insured, Wright.

The underlying liability action that has led to the other insurance coverage disputes is *John Karamanos, et al. v. Norman Wright Mechanical Equipment Corporation, et al.*, United States District Court for the Northern District of California, San Jose Division, Case No. 04-cv-02266-JW ("liability action"). The liability action was filed in 2002 by one of Wright's competitors. The operative third amended complaint in the liability action alleges fifteen related causes of action. The

complaint alleges unfair business acts, but also contains a ninth cause of action for defamation. That case is currently in the discovery stage, and no trial date is set.

Wright tendered defense of the liability action to its successive insurers, Atlantic Mutual and Truck. They both agreed to defend Wright, but disagreed about their obligations to it.[1] Truck is currently funding Wright's defense with its appointed counsel, Sedgwick, Detert, Moran & Arnold. Atlantic Mutual is currently funding Wright's defense by reimbursing its personal counsel, Leonidou & Rosin, pursuant to Civil Code § 2860.

On October 19, 2007, Truck settled part of the liability action directly with Karamanos. The essence of the settlement was to eliminate all allegations of defamation. That settlement cuts off any potential for coverage under the Truck and Atlantic Mutual policies because there is no coverage for unfair business acts.

The central – and now only -- issue in the liability action is whether Wright committed unfair business practices under various federal and state statutes.

**B.   Coverage action between the insured, Wright, and Truck.**

Truck's decision to deny Wright independent counsel of its choice in the liability action started a dispute between it and Wright. Wright filed lawsuit alleging breach of contract, breach of Civil Code § 2860, declaratory relief, and bad faith. *Norman S. Wright Mechanical Equipment Corp. v. Truck Ins. Exch.*, No. BC 308847 (L.A. Sup. Ct. Jan 8, 2004) ("state court coverage action"). The state court coverage action is currently in discovery. There is no trial date. Truck filed a motion for summary judgment regarding its duty to appoint independent counsel where a conflict of interest exists pursuant to Civil Code § 2860. It is unclear whether that motion is still pending.

The central issues of the state court coverage action, therefore, are the parties' rights and obligations under Civil Code section 2860 and whether Truck has committed "bad faith" by refusing to appoint independent counsel under that statute. Atlantic Mutual is not a party to that action and the immediate termination of its defense duty is not an issue in the litigation.

---

[1] The Atlantic Mutual and Truck policies both provide coverage for defamation that occurs during the policy period. Both insurers' policies contain exclusions for publications made before the policy period and for publications of material made with knowledge of its falsity.

3
NOTICE OF PENDENCY OF OTHER ACTIONS OR PROCEEDINGS
CASE NO.: 5:07-cv-06365-HRL

C. Federal Declaratory Relief / Contribution Action

In July 2006, Truck sued Atlantic Mutual for contribution because it contends that Atlantic Mutual is not paying its fair share of defense fees in the liability action. Atlantic Mutual filed a motion to implead Wright as a necessary party, but the Court denied that motion. Rather, it stayed the action pending resolution of the state court coverage action between Wright and Truck. The basis of the ruling is that the state court must first determine whether Truck is in violation of Civil Code 2860 in order to determine which party has contribution rights against the other. A copy of that stay order is attached as Exhibit 1 to this Notice.

The central issues in the federal declaratory relief / contribution action are whether Atlantic Mutual owes Truck contribution for defense fees in the liability action, or the other way around. That finding is dependent on the Court's rulings in the state court coverage action. The insured, Wright, is not (and cannot be) a party to that action. The immediate termination of Atlantic Mutual's defense duty to Wright is not an issue in the litigation.

### III. COORDINATION WITH THE OTHER ACTIONS IS NOT APPROPRIATE

None of these actions should be coordinated under the factors identified in Local Rule 3-13(b)(3).

**A. Coordinating this action will *not* avoid conflicts between the Courts.**

Atlantic Mutual is bringing this action to resolve distinct and discrete coverage issues. The settlement between Truck and Karamanos in the liability action changes Atlantic Mutual's obligations to Wright. Atlantic Mutual contends that the settlement ends its coverage obligation because there is no longer any potential for coverage under the Atlantic Mutual policies. It needs a declaration to that effect now, so that it can withdraw from the costly defense of Wright.

First, it is not appropriate to coordinate a liability action with a coverage action.

Second, it is not appropriate to coordinate this action with the state court coverage action because (1) Atlantic Mutual is not a party to that dispute, and (2) the appointment of independent (*Cumis*) counsel pursuant to Civil Code § 2860 and bad faith are not related to the immediate termination of Atlantic Mutual's defense obligations to Wright.

1   Finally, it is not appropriate to coordinate this action with the federal declaratory relief /
2   contribution action because (1) Wright is not and cannot be a party to that action under the stay order,
3   (2) the issues of *Cumis* counsel and contribution are not related to the immediate termination of
4   Atlantic Mutual's defense obligations to Wright, and (3) it is not appropriate to stay Atlantic Mutual's
5   request for declaratory relief in this case.

**B.   Coordinating this action will not result in conservation of resources or efficiency of determination.**

Atlantic Mutual intends to move immediately for summary adjudication for three of its four causes of action. This Court can determine the legal issues independent of the other actions. The factual support for the motions will be very straightforward; they will be the Complaint in the underlying action (publicly available), settlement between Truck and Atlantic Mutual, and Atlantic Mutual's payment of defense fees (defense bills and checks). While the issue of pre-settlement defense fees in the second claim for relief is admittedly more involved, the discovery issues for that single cause of action do not justify precluding Atlantic Mutual from immediately terminating its defense of the underlying action.

## IV.   CONCLUSION

For the reasons stated above, Atlantic Mutual submits that this Court should proceed with setting a Case Management Order as soon as all parties have appeared.

Dated: December 21, 2007          SELVIN WRAITH HALMAN LLP

By: _____
Gary R. Selvin
Mark E. Inbody
Attorneys for Plaintiff
Atlantic Mutual Insurance Company

47218.doc