Gary R. Selvin, State Bar No. 112030
Mark E. Inbody, State Bar No. 180862
SELVIN WRAITH HALMAN LLP
505 14th Street, Suite 1200
Oakland, CA 94612
Telephone:    (510) 874-1811
Facsimile:    (510) 465-8976
E-mail:   gselvin@selvinwraith.com
          minbody@selvinwraith.com

Attorneys for Plaintiff
Atlantic Mutual Insurance Company

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| ATLANTIC MUTUAL INSURANCE COMPANY, | CASE NO.: 5:07-cv-06365 JW |
|---|---|
| Plaintiff, | **ATLANTIC MUTUAL'S OPPOSITION TO NORMAN S. WRIGHT MECHANICAL EQUIPMENT CORPORATION'S NOTICE OF PENDENCY OF OTHER ACTIONS OR PROCEEDINGS** |
| v. | |
| NORMAN S. WRIGHT MECHANICAL EQUIPMENT CORPORATION; RICHARD LEAO; TRUCK INSURANCE EXCHANGE; ADVANCED MICROTHERM, INC.; HVAC SALES, INC.; JOHN KARAMANOS; AND DOES 1 through 10, | [LR CIV 3-13(c)] |
| Defendants. | |

Pursuant to Civil Local Rule 3-13(c), Atlantic Mutual hereby opposes Wright's Notice of Pendency of Other Actions or Proceedings. (Dkt. #16.) Atlantic Mutual will file a separate Response addressing the Court's Related Case Order. (Dkt. #18, 19, February 29, 2008.)

Wright should have filed an opposition to Atlantic Mutual's Notice of Other Action, filed December 21, 2007. (Dkt. #04.) It failed to do so, in violation of Local Rule 3-13(c). Wright was served with the Complaint on December 26, 2007. It was granted multiple extensions to respond to the Complaint, but unilaterally decided to file a separate, late Notice of its own. Wright's Notice should be disregarded.

1
ATLANTIC MUTUAL'S OPPOSITION TO NORMAN S. WRIGHT'S NOTICE OF PENDENCY OF

The only reason that Wright puts forth in support of its argument that the cases should be coordinated and stayed is that the two pending actions both involve "coverage issues." While that is true in a very broad sense, the actual issues in the two actions are distinct. Wright's real motivation in seeking a stay of this action is to forestall Atlantic Mutual recovering approximately $125,000 in defense fees on summary adjudication.

The issue in *Truck v. Atlantic Mutual* is whether Truck must contribute to Atlantic Mutual's defense fees for the underlying litigation, or the other way around. Broadly speaking, the case is a contribution action between two insurers. More specifically, the Court ordered that if Truck is in violation of California Civil Code section 2860 ("*Cumis* counsel"), it will owe Atlantic Mutual reimbursement of fees paid to defend Wright in the underlying litigation. That specific issue, in turn, is the subject of a pending state court action between Truck and Wright (but not Atlantic Mutual). The *Truck* action is therefore properly stayed, pending resolution of the state court action. Wright is not a party in the *Truck* action, and in fact the Court ordered that Wright is not a necessary party to that action. (See Exhibit A, Memorandum and Order, *Truck Ins. Exchange v. Atlantic Mutual Ins. Co.*, Case No. 3:06-cv-04573-CRB, Dkt. #51, July 20, 2007.)[1] Neither equitable contribution nor *Cumis* obligations are the subject of this action.

In this action, Atlantic Mutual seeks a declaration that its duty to defend terminated when Truck settled the only potentially covered cause of action (defamation) in the underlying action. It seeks reimbursement of all of its defense fees after the settlement pursuant to *Scottsdale Ins. Co. v. MV Transportation*, 36 Cal.4th 643 (2005). It also seeks reimbursement of the fees it paid for the non-covered causes of action prior to the settlement pursuant to *Buss v. Superior Court*, 16 Cal.4th 35 (1997).

The issue of reimbursement of post-settlement defense fees is straightforward, and can be resolved on summary adjudication. The only evidence needed for such a motion is the underlying

---

[1] It is ironic that Wright argues this case should be coordinated and stayed, but apparently has stipulated to a re-filing of the state court bad faith action against Truck in San Francisco Superior Court. See Wright's Motion to Dismiss or Stay Action, Dkt. 17-2, at 2:26-28.

Atlantic Mutual will file a separate opposition to Wright's motion to Dismiss, currently set for hearing April 14, 2008. (Dkt. #17.)

Complaint, proof of payment, and the settlement agreement. By attempting to stay this case, Wright is simply trying to avoid payment of fees that it knows it owes. Atlantic Mutual can only speculate that Wright believes it will be at a negotiating advantage if it can avoid summary judgment and "lump in" the post-settlement defense fee claims with the $3-4 million *Buss* claim it will likely face from both Atlantic Mutual and Truck.

In sum, Wright's Notice that the *Truck* action and this action should be coordinated and stayed is without merit. The fact that both cases involve "coverage issues" is not sufficient justification to order coordination. The issues in the two actions are distinct; *Truck* is a contribution action flowing from *Cumis* obligations, while this action is for reimbursement following termination of the duty to defend. Wright should not be permitted to forestall a summary adjudication motion in this action on such flimsy grounds.

Dated: March 4, 2008                           SELVIN WRAITH HALMAN LLP

                                               By: _____
                                               Gary R. Selvin
                                               Mark E. Inbody
                                               Attorneys for Plaintiff
                                               Atlantic Mutual Insurance Company

49812.doc

ATLANTIC MUTUAL'S OPPOSITION TO NORMAN S. WRIGHT'S NOTICE OF PENDENCY OF

| Re: | ATLANTIC MUTUAL INSURANCE COMPANY v. NORMAN S. WRIGHT MECHANICAL, ET AL. |
|---|---|
| Court: | U.S.D.C. - NORTHERN DISTRICT OF CALIFORNIA - SAN JOSE DIVISION |
| Action No. | 5:07-cv-06365 JW |

## PROOF OF SERVICE

I declare that I am over the age of 18, am not a party to the above-entitled action, and am an employee of Selvin Wraith Halman LLP whose business address is 505 14th Street, Suite 1200, Oakland, Alameda County, California 94612.

On March 4, 2008, I served the following document(s):

**ATLANTIC MUTUAL'S OPPOSITION TO NORMAN S. WRIGHT MECHANICAL EQUIPMENT CORPORATION'S NOTICE OF PENDENCY OF OTHER ACTIONS OR PROCEEDINGS**

**By ELECTRONIC FILE TRANSFER TO ECF FILE & SERVE:** By transmitting a true copy the document(s) listed above for service on all parties in this case pursuant to applicable statutes, local rules and/or order of this Court.

Mr. Jon S. Brick
Greco Traficante Schulz & Brick
185 West 'F' Street, Suite 400
San Diego, CA  92101
Telephone No.:   (619) 234-3660
Fax No.:             (619) 234-0626
Email: jsb@gtlaw.cc

Attorneys for Defendant:
NORMAN S. WRIGHT MECHANICAL CORPORATION

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Dated: March 4, 2008

*/s/ Laura L. Sanchez*
Laura L. Sanchez

1