IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRUCK INS. EXCHANGE, | No. C 06-04573 CRB |
| Plaintiff, | **MEMORANDUM AND ORDER** |
| v. | |
| ATLANTIC MUTUAL INSURANCE COMPANY, | |
| Defendant. | |

This declaratory judgment action between two insurers arises out of the legal costs and fees incurred by the common insured in an underlying action. Defendant and Counterclaimant Atlantic Mutual Insurance Company ("Atlantic") now moves the Court to compel joinder of the insured as a defendant to the claim of Plaintiff Truck Insurance Exchange ("Truck") for declaratory relief. After carefully considering the papers filed by the parties, and having had the benefit of oral argument, the Court denies the motion to compel joinder and stays the action pending the resolution of the action between Truck and the insured.

## BACKGROUND

### I. The Underlying Action Against the Insured

Atlantic and Truck issued consecutive liability insurance policies to the common insured, Norman S. Wright Mechanical Equipment Corporation ("Wright"), a manufacturer

**EXHIBIT A**

and supplier of ventilation systems.[1] On April 30, 2002, a competitor sued Wright and others in state court for violation of unfair business practice statutes, including defamation. Advanced Microtherm Inc. v. University of California Board of Regents, et al., No. C04-2266 JW ("Underlying Action"). The action was subsequently removed to federal court.

In November of 2002, Wright tendered the Underlying Action to Truck for its defense. In January of 2003, Truck accepted the defense under a full reservation of rights. Wright argued that, because the reservation of rights created a conflict of interest, Truck was obligated to appoint independent or *Cumis* counsel to defend Wright under California Civil Code section 2860.[2] Truck disagreed and instead appointed its retained defense counsel, later replaced by Sedgwick, Detert, Moran & Arnold. Wright retained as its independent counsel Janette Leonidou of Leonidou & Rosin. Thus, since 2003, Wright has been represented in the Underlying Action by two sets of counsel: Wright's counsel Leonidou and Truck's appointed counsel.

## II.   The State Court Action between Wright and Truck

In January of 2004, Wright filed a separate bad faith lawsuit against Truck in the Los Angeles Superior Court for breach of Civil Code section 2860 and for declaratory relief to the effect that Truck has an obligation to appoint *Cumis* counsel. Norman S. Wright Mechanical Equipment Corp. v. Truck Ins. Exch., No BC 308847 (L.A. Sup. Ct. Jan 8, 2004) ("State Court Action"). Wright also alleges that Truck violated its duty of good faith and fair dealing by (1) appointing defense counsel despite the conflict of interest between Wright and Truck, (2) appointment of unqualified counsel, and (3) attempting to enter into a secret settlement with plaintiffs' counsel.

Truck filed a motion for summary judgment, contending that there is no conflict of interest between it and Wright, and therefore Truck is not obligated under section 2860 to

---

[1] Truck provided coverage to Wright for the period April 1, 2001 to April 1, 2004. Atlantic provided coverage for the period April 1, 1998 to April 1, 2001.

[2] Section 2860 codifies San Diego Navy Federal Credit Union v. Cumis Insurance Society, Inc., 162 Cal.App.3d 358 (1984). "[W]here there are divergent interests of the insured and the insurer brought about by the insurer's reservation of rights based on possible noncoverage under the insurance policy, the insurer must pay the reasonable cost for hiring independent counsel by the insured." Id. at 375.

appoint *Cumis* counsel. Before the motion was heard, the parties stipulated to staying the State Court Action pending resolution of the Underlying Action.

### III. The Present Federal Court Action between Truck and Atlantic

In February of 2005, Wright separately tendered the defense of the Underlying Action to Atlantic. Atlantic accepted Wright's defense under a reservation of rights, but unlike Truck, agreed that Wright is entitled to *Cumis* counsel. Since 2005, Atlantic has been paying *Cumis* counsel's fees, while Truck has continued to pay for its retained defense counsel. The two firms have divided up work on the Underlying Action.

In early 2006, Truck requested that Atlantic contribute to its defense counsel's fees, and Atlantic refused on the grounds it is reimbursing Wright's *Cumis* counsel pursuant to section 2860. The present federal court action followed. In December of 2006, Truck sued Atlantic in San Francisco Superior Court for equitable contribution towards the costs and fees of its retained defense counsel. Atlantic Mutual removed the case to federal court based on diversity. Truck's amended complaint added a claim for a judicial declaration that it is entitled to reimbursement from Atlantic.

In March of 2007, Atlantic filed a counterclaim against Truck seeking contribution towards the costs and fees of Wright's *Cumis* counsel. Atlantic also seeks declaratory relief to the effect that (1) Truck violated Civil Code section 2860 by not paying for *Cumis* counsel for Wright; (2) Atlantic has discharged its duty by reimbursing Wright for *Cumis* counsel; (3) Truck must reimburse Atlantic for its equitable share of *Cumis* counsel's fees and costs; and (4) Truck is not entitled to reimbursement of its retained counsel's fees.

In March of 2007, Atlantic requested a stay of this action pending resolution of the State Court Action. The Court advised Atlantic that it needed to file a noticed motion for a stay, which Atlantic never did.

Now before the Court is Atlantic's motion to compel joinder of Wright as a defendant to Truck's claim for declaratory relief. Atlantic contends that Wright is a necessary party because the Court cannot resolve the equitable contribution claim without first resolving whether Truck breached its duty to Wright to pay for *Cumis* counsel.

### DISCUSSION

## I. Determination of Truck's obligation to Wright to appoint *Cumis* counsel under section 2860 is necessary to make a judicial declaration of Truck and Atlantic's contribution obligations.

A determination of the state law question – Truck's obligation to Wright to appoint *Cumis* counsel under section 2860– is necessary to make a judicial declaration of Truck's and Atlantic's contribution obligations. Therefore, Wright, which has a substantial interest in any determination of its right to *Cumis* counsel, may be a necessary party to be joined pursuant to Rule 19 of the Federal Rules of Civil Procedure.

> Equitable contribution permits reimbursement to the insurer that paid on the loss for the excess it paid over its proportionate share of the obligation, on the theory that the debt it paid was equally and concurrently owed by the other insurers and should be shared by them pro rata in proportion to their respective coverage of the risk. The purpose of this rule of equity is to accomplish substantial justice by equalizing the common burden shared by coinsurers, and to prevent one insurer from profiting at the expense of others.

Fireman's Fund Ins. Co. v. Maryland Cas. Co., 65 Cal.App.4th 1279, 1293 (1998). As a practical matter, the Court must determine if Truck was obligated to appoint *Cumis* counsel in order to make an equitable decision as to each insurer's "proportionate share" and which legal costs are "equally and concurrently owed" by both.

If Truck is correct that it did *not* have to appoint *Cumis* counsel, then it fulfilled its obligation by appointing its retained defense counsel. Therefore, Wright retained its counsel at its own expense, and Atlantic may owe Truck for the costs and fees of Truck's retained defense counsel. On the other hand, if Truck *did* have to appoint *Cumis* counsel, then it retained its separate defense counsel at its own expense.[3] Truck would owe Atlantic for the fees it has paid to Wright's *Cumis* counsel, and Atlantic would have fulfilled its obligation by paying for *Cumis* counsel. In other words, the Court cannot decide the equitable contribution

---

[3]When the insured is entitled to *Cumis* counsel, section 2860 permits, but does not require, an insurer to retain its own counsel in addition to *Cumis* counsel. Section 2860(f) states: "Where the insured selects independent counsel pursuant to the provisions of this section, both the counsel provided by the insurer and independent counsel selected by the insured shall be allowed to participate in all aspects of the litigation."

4

dispute between Atlantic and Truck until it determines if Truck is obligated to pay for *Cumis* counsel.

II. **The Court Should Stay the Action, Because the <u>Brillhart</u> Factors Indicate a Stay of These Proceedings is Appropriate Pending Resolution of the State Court Action.**

Given that Truck's obligation to appoint *Cumis* counsel is a central issue in this case, and Wright has an interest in its entitlement to *Cumis* counsel in the Underlying Action, Wright may be a proper party to join under Rule 19. Once Wright is found to be a necessary party, the issue is whether joinder would be feasible. Truck and Wright both argue that joinder is not feasible because it would destroy diversity jurisdiction. Atlantic is a New York corporation, and Truck and Wright are both California corporations. On the other hand, Atlantic argues that joinder is feasible because the Court could exercise ancillary jurisdiction. Alternatively, Atlantic argues that if joinder of Wright is necessary, but not feasible, the Court should remand the case to state court.

The Court need not undertake this analysis. Wright, in its non-party opposition brief to the Motion to Compel Joinder, argues that the Court should exercise its discretion to dismiss the case. The same state law issue is at the heart of both the present action between Truck and Atlantic and the State Court Action between Wright and Truck; namely, whether Truck should pay for *Cumis* counsel. Where, as here, there is a parallel state action involving the same issue at the time the federal declaratory action is filed, the district court may exercise its discretion to decline to decide the issue.

A. **Legal Standard for a Motion to Dismiss or Stay Under <u>Brillhart</u>**

District courts have "unique and substantial" discretion in determining whether to entertain declaratory relief actions under the Declaratory Judgment Act, 28 U.S.C. § 2201(a). <u>Wilton v. Seven Falls Co.</u>, 515 U.S. 277, 286 (1995). Prior to <u>Wilton</u>, the Ninth Circuit followed the rule established in <u>Colorado River Water Conservation Dist. v. United States</u>, 424 U.S. 800 (1976), that "federal courts have a 'virtually unflagging' obligation to exercise jurisdiction" under the Declaratory Judgment Act, which could only be declined in "exceptional circumstances." <u>Wilton</u> 515 U.S. at 284, citing <u>Colorado River</u>, 424 U.S. at

5

817-18. In <u>Wilton</u>, the Supreme Court rejected this interpretation in favor of the more permissive standard articulated in <u>Brillhart v. Excess Ins. Co. of America</u>, 316 U.S. 491 (1942). <u>Wilton</u>, 515 U.S. at 288-89. The district court's decision is reviewed under the abuse of discretion standard. <u>Government Employees Insurance Company v. Dizol</u>, 133 F.3d 1220, 1223 (9th Cir. 1998).

"The <u>Brillhart</u> factors remain the philosophic touchstone for the district court." <u>Dizol</u>, 133 F.3d at 1225. The primary factors to consider are: avoiding needless determination of state law issues, discouraging litigants from filing declaratory actions as a means of forum shopping; avoiding duplicative litigation. <u>Id.</u>

**B.      Application of the <u>Brillhart</u> Factors to This Case**

   **i.      Needless Decision of State Law**

"When parallel state proceedings involving the same issues and parties [are] pending at the time the federal declaratory action is filed, there is a presumption that the entire suit should be heard in state court." <u>American Cas. Co. v. Krieger</u>, 181 F.3d 1113, 1118 (9th Cir. 1999) (internal quotation omitted). A "needless decision of state law" may involve: an ongoing parallel state proceeding regarding the "precise state law issue," an area of law Congress expressly left to the states, or a lawsuit with no compelling federal interest (for instance, when a case is solely based on diversity). <u>Continental Casualty Co. v. Robsac Indus.</u>, 947 F.2d 1367, 1371-72 (9th Cir. 1991) (overruled in part on other grounds by Dizol). "However, there is no presumption in favor of abstention in declaratory actions generally, nor in insurance cases specifically. <u>Dizol</u>, 133 F.3d at 1226. The district court is in the "best position to assess how judicial economy, comity and federalism are affected in a given case." Id. at 1226.

Here, there is an ongoing parallel state court proceeding involving the "precise state law issue" and facts before this Court; namely, Truck's obligation to provide *Cumis* counsel to Wright. See <u>Robsac</u>, 947 F.2d at 1371-72. Furthermore, there is no compelling federal interest because jurisdiction is based on diversity of citizenship. See <u>id.</u>

On July 13, 2007, Atlantic and Truck argued at the hearing for the motion to compel joinder that this action is not a "needless decision of state law" because adjudication of the

6

insurers' rights in the State Court Action will not be possible until after the Underlying Action is resolved (due to the stipulated stay), potentially several years and several hundred thousand dollars in legal fees later. This argument is unpersuasive. The State Court Action addresses the same *Cumis* counsel issue raised by Atlantic, and Truck and Wright both stipulated to a stay of that action. Moreover, in March of 2007, Atlantic itself requested a stay of this action pending resolution of the State Court Action.

This Brillhart factor supports the Court's finding that this action should be stayed.

### ii. Forum Shopping

The second Brillhart factor is the interest in avoiding the use of declaratory judgment actions as a means of forum shopping, particularly in reactive or defensive declaratory actions. Robsac, 947 F.2d at 1371.

Here, Truck did not use the declaratory judgment action as a means of forum shopping. Truck originally filed this claim in San Francisco Superior Court, and Atlantic removed it to federal court. Wright and Atlantic argue that Truck was trying to forum shop by filing suit in a state court other than the Los Angeles Superior Court where the bad faith State Court Action is pending. However, for the purposes of the Brillhart analysis, which considers forum shopping in the context of gaining an advantage by bringing an action in federal court as opposed to state court, Truck was not forum shopping.

### iii. Duplicative Litigation

The third Brillhart factor seeks to avoid duplicative litigation. "Ordinarily it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties." Brillhart, 316 U.S. at 495.

Any adjudication of the action by this Court would be duplicative, as it would require a resolution of the same state law issue as is being litigated in the State Court Action. The *Cumis* counsel issue is central to both this action and the State Court Action. Both actions are based on the same events, and involve most of the same parties. Moreover, Wright and Truck stipulated to a stay of the State Court Action pending resolution of the Underlying Action. Atlantic is attempting to get around that stay by bringing Wright and the exact same

7

legal question into this litigation.

This <u>Brillhart</u> factor also supports the Court's finding that this action should be stayed.

### C.  The Court Must Stay the Action Rather than Remand

Because Truck makes a claim for contribution against Atlantic in addition to a claim for declaratory relief, the Court does not have discretion under <u>Brillhart</u> to remand the action. The general principle is that "when other claims are joined with an action for declaratory relief (e.g., bad faith, breach of contract, breach of fiduciary duty, rescission, or claims for other monetary relief), the district court should not, as a general rule, remand or decline to entertain the claim for declaratory relief." <u>Dizol</u>, 133 F.3d at 1225. "The appropriate inquiry for a district court in a Declaratory Judgment Act case is to determine whether there are claims in the case that exist independent of any request for purely declaratory relief, that is, claims that would continue to exist if the request for a declaration simply dropped from the case." <u>Snodgrass v. Provident Life & Acc. Ins. Co.</u>, 147 F.3d 1163, 1167-68 (9th Cir. 1998). "The proper analysis, then, must be whether the claim for monetary relief is independent in the sense that it could be litigated in federal court even if no declaratory claim had been filed. In other words, the district court should consider whether it has subject matter jurisdiction over the monetary claim alone, and if so, whether that claim must be joined with one for declaratory relief." <u>United Nat. Ins. Co. v. R&D Latex Corp.</u>, 242 F3d.1102, 1112-13 (9th Cir. 2001). The fact that one claim cannot be resolved without disposing of the legal issues raised in the other is not a sufficient basis upon which to find that two claims are not "independent of" one another. <u>Id.</u>

Here, the Court has subject matter jurisdiction over Truck's contribution claim and therefore, jurisdiction over the contribution claim is mandatory. In order to avoid piecemeal litigation the Court cannot remand the declaratory relief claim to state court, but must entertain both claims together. However, because the <u>Brillhart</u> factors indicate the action should not go forward because it would result in a needless decision of state law and duplicative litigation, the Court finds these proceedings should be stayed pending resolution of the State Court Action.

8

## CONCLUSION

For the reasons set forth above, the motion to compel joinder is DENIED; instead, because this action necessarily involves the precise state law issue already at the heart of the action currently pending in the State Court Action, this action is STAYED pending resolution of the State Court Action. The parties are free, of course, to stipulate to a remand of this action.

**IT IS SO ORDERED.**

Dated: July 20, 2007

CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE

G:\CRBALL\2006\4573\orderrejoinder.wpd       9