Gary R. Selvin, State Bar No. 112030
Mark E. Inbody, State Bar No. 180862
SELVIN WRAITH HALMAN LLP
505 14th Street, Suite 1200
Oakland, CA 94612
Telephone:     (510) 874-1811
Facsimile:     (510) 465-8976
E-mail:   gselvin@selvinwraith.com
          minbody@selvinwraith.com

Attorneys for Plaintiff
Atlantic Mutual Insurance Company

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ATLANTIC MUTUAL INSURANCE COMPANY,<br><br>            Plaintiff,<br><br>     v.<br><br>NORMAN S. WRIGHT MECHANICAL EQUIPMENT CORPORATION; RICHARD LEAO; TRUCK INSURANCE EXCHANGE; ADVANCED MICROTHERM, INC.; HVAC SALES, INC.; JOHN KARAMANOS; AND DOES 1 through 10,<br><br>            Defendants. | CASE NO.:  5:07-cv-06365 JW<br><br>**OPPOSITION TO MOTION TO DISMISS OR STAY ACTION**<br><br>Date:  April 1, 2008<br>Time: 10:00 a.m.<br>Courtroom: 8<br>Judge: Hon. James Ware<br><br>Complaint Filed:  12/17/07 |

     Wright's motion to dismiss this action is nothing more than an attempt to delay Atlantic Mutual's recovery of defense fees. Wright seeks to tie up this action with an unrelated bad faith case against its other insurer. The Court has already ruled that this action for reimbursement is not related to the stayed contribution pending with Judge Breyer. The issues are distinct.

     Wright's inclusion of irrelevant procedural "facts" and issues in its motion actually illustrates the discrete legal determination the Court must make in this case; namely whether a settlement in the underlying action justifies reimbursement of Atlantic Mutual's defense fees paid after the settlement. Further, Wright's distorted focus on the declaratory relief cause of action is not a valid ground to

1
**OPPOSITION TO MOTION TO DISMISS OR STAY ACTION**       CASE NO.:  5:07-cv-06365 JW

prevent Atlantic Mutual from recovering non-covered defense fees under clear California precedent.

## I. PROCEDURAL HISTORY

There are three separate cases continuing in both state and federal courts that are, in the common sense of the word, "related" to this case. The legal issues in each case, however, are distinct. Atlantic Mutual filed a Notice of Pendency of Other Actions or Proceedings, which details the parties and issues in (1) the underlying unfair business case, (2) the state court "bad faith" case against Truck, and (3) the equitable contribution case between Wright's insurers. (See Dkt. #04, filed December 21, 2007.)

This action was reassigned to Judge Ware on February 19, 2008. (Dkt. #15.) Wright then filed its own Notice of Pendency as well as this Motion to Dismiss. (Dkt. #16, 17.) This Court determined that the underlying unfair business case is not related. (Dkt. #19.)

On its own motion pursuant to Local Rule 3-12(a), the Court also referred this matter to Judge Breyer to determine whether the stayed equitable contribution case pending in that Court is related to this action. (Dkt. #18.) Judge Breyer ordered that they are not: "The later-filed action involves different parties and a coverage issue unrelated to the coverage issues in this lawsuit." (Dkt. #22.)

Although Wright attempts to characterize this case as a declaratory relief action (only), Atlantic Mutual's Complaint seeks four distinct claims for relief:

First Claim – Declaratory Relief re Duty to Defend (Wright only)

Second Claim – Reimbursement of Pre-Settlement Defense Fees (Wright only)

Third Claim – Reimbursement of Post-Settlement Defense Fees (Wright only)

Fourth Claim – Declaratory Relief re Duty to Indemnify (all defendants)

All defendants except Wright and its President, Leao, have been dismissed from this action. (Dkt. #23, 27.) Atlantic Mutual will file a motion for summary adjudication as to the first, third and fourth causes of action against Wright as soon as the settlement agreement in the underlying unfair business case is authenticated. This action should not be dismissed or stayed simply because Wright seeks to avoid making a payment.

///

## II. LEGAL ARGUMENT

Wright is going to great lengths to avoid paying back defense fees for which there was no potential for coverage. It is well aware that three of Atlantic Mutual's causes of action can be resolved in a single motion requiring little to no discovery. The inclusion of superfluous facts in Wright's motion is intended to cloud a clear picture. Moreover, its reliance on *Brillhart* is inappropriate because this action simply is not "parallel" to any other action.

**A.     Wright's motion fails to identify common issues in the pending litigation which would justify a dismissal of this action.**

Wright's Introduction and Statement of Facts are intentionally meandering, and attempt to raise a host of potential issues that have nothing to do with a motion to dismiss. Wright simply throws out the entangled procedure of the other litigation, hoping that something "sticks" to justify staying this case. But it does not identify a single overlapping issue.

Atlantic Mutual itself recited many of the same facts three months ago in its Notice of Pendency of Other Action, illustrating why the issues in each action are distinct. (See Dkt. #4.) Those will not be reiterated here, but this Court has already ruled that the federal cases are not related. Citing no facts or evidence, Wright seems to be pre-arguing some of its affirmative defenses in this action. Those have no place in Wright's motion to dismiss. The only issue properly in front of this Court on the motion is whether it may exercise jurisdiction to determine Atlantic Mutual's claims for reimbursement.

**B.     This Court should retain jurisdiction because Atlantic Mutual has an independent cause of action for reimbursement.**

A federal court that has jurisdiction over a monetary claim, regardless of a claim for declaratory relief, should be heard in federal court. *Government Employees Ins. Co. v. Dizol*, 133 F.3d 1220, 1225; *United Nat'l Ins. Co. v. R&D Latex Corp.*, 242 F.3d 1102, 1113 (9th Cir. 2001). In *R&D*, the Court held a *Buss* claim is independent of a declaratory relief cause of action. It therefore maintained jurisdiction to hear the dispute. *R&D* at 1114.

That is the case here. As in *R&D*, Atlantic Mutual seeks declaratory relief so that it has an assurance that it has no duty to defend or indemnify Wright in the underlying action, which continues to incur an estimated $100,000 per month in defense fees. Atlantic Mutual's cause of action for

1. reimbursement of post-settlement defense fees, however, is a discrete issue to be decided pursuant to *Scottsdale Insurance Co. v. MV Transportation,* 36 Cal.4th 643 (2005) (reimbursement of uncovered claims). It is also to be decided pursuant to *Buss vs. Superior Court,* 16 Cal.4th 35 (1997) (reimbursement of non-covered defense fees). Atlantic Mutual's claim for reimbursement is an independent cause of action that compels this Court to retain jurisdiction. The parties are diverse, and the amount Atlantic Mutual seeks for the post-settlement reimbursement cause of action alone is in excess of $75,000.

Because the reimbursement cause of action provides an independent basis for jurisdiction over Atlantic Mutual's claim, Wright's motion to dismiss should be denied. Even if the Court were to ignore the holdings of *Dizol* and *R&D*, however, the *Brillhart* factors discussed by Wright lead to the conclusion that this Court retain jurisdiction to resolve this dispute.

**C.    The *Brillhart* factors support this Court retaining jurisdiction to hear this action.**

Wright focuses solely on Atlantic Mutual's causes of action for declaratory relief in its motion to dismiss. Even if that were proper, each of the *Brillhart* factors supports this Court's retention of jurisdiction to resolve the dispute between Atlantic Mutual and Wright.

**1.    This action in federal court is necessary to determine Atlantic Mutual's rights.**

Contrary to Wright's implication, this Court is not making a determination of state law in a vacuum. The pending state court action between Wright and Truck will not involve a legal determination that is identical to or even overlaps the issues in this matter. Atlantic Mutual is not a party to the state court bad faith case. The issue there is whether Truck committed bad faith by failing to appoint independent counsel to defend Wright in the underlying unfair business action. In contrast, Atlantic Mutual did appoint independent counsel to defend Wright.

The issue here is whether Atlantic Mutual is entitled to reimbursement after a settlement in the underlying action. The issues in those two issues are distinct. Assuming Wright could overcome procedural hurdles, adding Atlantic Mutual to the state court action would only add a new and different set of issues to that litigation. It would create "entanglement" where none exists. Further, dismissing or staying this action would deprive Atlantic Mutual of reimbursement to which it is entitled now.

**2.     By its motion, Wright -- not Atlantic Mutual -- is not forum shopping.**

Wright has no legitimate basis to argue that Atlantic Mutual is forum shopping by filing this action. Its central argument appears to be that Atlantic Mutual should be a party in its underlying bad faith case against Truck. Wright concedes, however, that Atlantic Mutual is not a party to the state court action. That action is for bad faith failure to appoint independent counsel pursuant to Civil Code § 2860, not reimbursement of defense fees pursuant to *MV Transportation* and *Buss*. That case had been stayed until recently. Wright cannot put the onus on Atlantic Mutual to intervene in that action which has nothing to do with Atlantic Mutual's recovery rights.

It is ironic that Wright is claiming that Atlantic Mutual is forum shopping. Wright *opposed* Atlantic Mutual's attempt to join it to the federal court contribution action. (See Case 3:06-cv-04573-CRB, Dkt. #45, Non-Party Norman S. Wright Mechanical Equipment Corporation's Opposition to Motion to Compel Joinder.) It cannot change course now in an attempt to simply avoid reimbursement of non-covered defense fees.

**3.     This litigation does not duplicate Wright's bad faith case against Truck.**

Wright does not put forth any legitimate argument that there is a duplication of issues between this action and its bad faith case against Truck. Again, the issue in this action is reimbursement of defense fees. Wright concedes that its state court action for bad faith does not involve Atlantic Mutual. In fact, the only support Wright puts forth in support of its argument that there is "duplication" is a hypothetical argument that the settlement between Truck and the underlying plaintiffs implicates Atlantic Mutual. To the best of Atlantic Mutual's knowledge, Wright's bad faith case against Truck is not based on Truck's settlement with plaintiffs in the underlying action. So Wright's argument, even if it were valid, is based on pure speculation not pled in any other action. There is no duplication of issues.

In sum, each of the *Brillhart* factors support denial of Wright's motion to dismiss. Atlantic Mutual's reimbursement action is distinct from the other litigation and confers a separate, independent basis for jurisdiction.

///

### III. CONCLUSION

For the reasons stated above, Atlantic Mutual respectfully requests that this Court deny Wright's motion to dismiss this action.

Dated: March 24, 2008

SELVIN WRAITH HALMAN LLP

By: /s/
    Gary R. Selvin
    Mark E. Inbody
    Attorneys for Plaintiff
    Atlantic Mutual Insurance Company

50407.doc

| Re: | **Atlantic Mutual Insurance Company v. Norman S. Wright Mechanical, et al.** |
|---|---|
| Court: | **U.S.D.C. - Northern District of California - San Jose Division** |
| Action No. | **5:07-cv-06365 JW** |

## PROOF OF SERVICE

I declare that I am over the age of 18, am not a party to the above-entitled action, and am an employee of Selvin Wraith Halman LLP whose business address is 505 14th Street, Suite 1200, Oakland, Alameda County, California 94612.

On March 24, 2008, I served the following document(s):

**OPPOSITION TO MOTION TO DISMISS OR STAY ACTION**

**By ELECTRONIC FILE TRANSFER TO ECF FILE & SERVE:** By transmitting a true copy the document(s) listed above for service on all parties in this case pursuant to applicable statutes, local rules and/or order of this Court.

Mr. Jon S. Brick  
Greco Traficante Schulz & Brick  
185 West 'F' Street, Suite 400  
San Diego, CA 92101  
Telephone No.: (619) 234-3660  
Fax No.: (619) 234-0626  
Email: jsb@gtlaw.cc

Attorneys for Defendant:  
NORMAN S. WRIGHT MECHANICAL CORPORATION

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Dated: March 24, 2008

/s/_____  
Kathryn Shahin