1  Gary R. Selvin, State Bar No. 112030
   Mark E. Inbody, State Bar No. 180862
2  SELVIN WRAITH HALMAN LLP
   505 14th Street, Suite 1200
3  Oakland, CA 94612
   Telephone:    (510) 874-1811
4  Facsimile:    (510) 465-8976
   E-mail:   gselvin@selvinwraith.com
5            minbody@selvinwraith.com

6  Attorneys for Plaintiff
   Atlantic Mutual Insurance Company
7

8              IN THE UNITED STATES DISTRICT COURT

9          FOR THE NORTHERN DISTRICT OF CALIFORNIA

10                  SAN JOSE DIVISION

11

12  ATLANTIC MUTUAL INSURANCE         CASE NO.:  5:07-cv-06365 JW
    COMPANY,
13                                    **JOINT CASE MANAGEMENT**
                                      **CONFERENCE STATEMENT**
           Plaintiff,
14
       v.                            [LR 16-9]
15
    NORMAN S. WRIGHT MECHANICAL
16  EQUIPMENT CORPORATION; RICHARD
    LEAO; TRUCK INSURANCE EXCHANGE;
17  ADVANCED MICROTHERM, INC.; HVAC   Date:   April 14, 2008
    SALES, INC.; JOHN KARAMANOS; AND  Time:   10:00 a.m.
18  DOES 1 through 10,                Dept:   8
                                      Judge:  Hon. James Ware
19          Defendants.

20

21        Pursuant to the Clerk's Notice of Impending Reassignment to a United States District Judge

22  (Dkt. #14), Federal Rule of Civil Procedure 16, Civil Local Rule 16-9 and the Court's Standing Order

23  re Contents of Joint Case Management Conference Statement, the parties hereby submit the following

24  Joint Case Management Statement and Proposed Order.

25        **1.    JURISDICTION AND SERVICE**

26        This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a).  The matter in

27  controversy exceeds the sum of $75,000 and is between the citizens of different states.  Plaintiff

28  Atlantic Mutual is a resident of New York and Defendants Norman S. Wright Mechanical Equipment

---

1

1  Corporation ("Wright") and Richard Leao ("Leao") are residents of California. There are no issues

2  relating to personal jurisdiction or venue. Wright and Leao have been served with the Complaint, and

3  have filed a motion to dismiss. All other defendants have been dismissed.

4      **2.  FACTS**

5      Plaintiff Atlantic Mutual issued three consecutive general liability insurance policies to

6  Wright. Atlantic Mutual agreed to reimburse Wright's personal counsel for defense of an underlying

7  action pursuant to Civil Code § 2860. Atlantic Mutual reserved all rights to reimbursement of

8  defense fees. Truck Insurance Exchange, which has been dismissed from this action, issued two

9  policies after Atlantic Mutual's to Wright. It assigned panel counsel to defend Wright in the

10  underlying action.

11      On October 19, 2007, Wright's other insurer, Truck, settled the defamation allegations (only)

12  against Wright directly with Plaintiffs.

13      **3.  LEGAL ISSUES**

14      The central legal issue in this declaratory relief action is what defense fees, if any, paid to

15  Wright's personal counsel must be reimbursed.

16      As to post-settlement defense fees -- the subject of Atlantic Mutual's anticipated motion for

17  summary adjudication -- Atlantic Mutual contends that the settlement between Truck and Plaintiffs in

18  the underlying action terminated its duty to defend Wright. Wright contends that Truck's settlement

19  is in violation of the covenant of good faith and fair dealing and does not terminate Truck or Atlantic

20  Mutual's duty to defend it.

21      **4.  MOTIONS**

22      Wright has a motion to dismiss or stay this case on calendar for April 14, 2008.

23      If Wright's motion is denied, the parties agree that this case should be referred to a Case

24  Settlement Conference at the earliest opportunity. If that Settlement Conference is unsuccessful,

25  Atlantic Mutual intends to file a motion for summary adjudication for three of its four causes of

26  action against Wright.

27      **5.  AMENDMENT OF PLEADINGS**

28      Atlantic Mutual does not know of any reason that it would add parties or claims to the

---

2

**JOINT CASE MANAGEMENT CONFERENCE STATEMENT**    **CASE NO.: 5:07-cv-06365 JW**

1  Complaint.  Wright has not answered to date.

2  **6.    EVIDENCE PRESERVATION**

3  The parties are not aware of any issues relating to the preservation of evidence.

4  **7.    DISCLOSURES**

5  The parties are concurrently filing a Proposed Discovery Plan that requests that limited

6  disclosures be made in advance of any Settlement Conference and/or motion for summary

7  adjudication.  If those events do not result in a settlement or resolution of this matter, the parties

8  propose that Rule 26 disclosures be made two weeks after the Court's ruling.

9  **8.    DISCOVERY**

10  The parties are concurrently filing a Proposed Discovery Plan that requests that limited

11  discovery be made in advance of any Settlement Conference and/or motion for summary

12  adjudication.  There is one area of disagreement:  Norman Wright contends that discovery as to the

13  settlement in the underlying action is relevant, while Atlantic Mutual contends that it is not.  The

14  parties intend to depose a signatory to the settlement agreement in the underlying action.

15  **9.    CLASS ACTIONS**

16  Not applicable.

17  **10.    RELATED CASES**

18  The parties have submitted separate Notices of Other Actions.  (See Dkt. #004, 016.)  The

19  parties dispute whether the actions are "related" for the purposes of consolidation, but they are:

20  *Norman S. Wright Mechanical Equipment Corporation v. Truck Insurance Exchange*,

21  Superior Court for the State of California, County of Los Angeles, civil action no. BC

22  308847 (dismissed, to be re-filed in San Francisco).

23  *Karamanos, et al. v. Norman Wright Mechanical Equipment Corporation, et al.*, United States

24  District Court, Northern District of California, San Jose Division civil action no. 5:04-

25  CV-02266-JW (removed June 9, 2004).

26  *Truck Insurance Exchange v. Atlantic Mutual Insurance Company*, United States District

27  Court, Northern District of California, San Francisco Division civil action no. 3:06-

28  CV-04573-CRB (removed July 7, 2006) (currently stayed).

**JOINT CASE MANAGEMENT CONFERENCE STATEMENT**          **CASE NO.:  5:07-cv-06365 JW**

**11.    RELIEF**

Plaintiff's complaint seeks declaratory relief and reimbursement of defense fees.

**12.    SETTLEMENT AND ADR**

The parties agree that this action should be referred for a Case Settlement Conference at the earliest opportunity.  If that effort is unsuccessful, the parties agree to private mediation.

**13.    CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES**

Wright declined to consent to the use of a magistrate Judge for all purposes.  (Dkt. #013.)

**14.    OTHER REFERENCES**

Assignment to binding arbitration, a special master, or the Judicial Panel is not appropriate for this matter.

**15.    NARROWING OF ISSUES**

If the Settlement Conference is unsuccessful, Atlantic Mutual will move for summary adjudication of three of the four causes of action.  Only very limited disclosures and discovery are necessary for that motion, as described in the Proposed Discovery Plan.

**16.    EXPEDITED SCHEDULE**

The parties agree that the case should be set for trial only if there is no settlement or resolution following Atlantic Mutual's motion for summary adjudication.

**17.    SCHEDULING**

The parties believe that scheduling will be appropriate if there is no settlement or resolution following Atlantic Mutual's motion for summary adjudication.

| | | | |
|---|---|---|---|
| a. | Designation of experts: | | **TBD** |
| b. | Discovery cutoff: | | **TBD** |
| c. | Hearing on dispositive motions: | | **TBD** |
| d. | Pretrial conference: | | **TBD** |
| e. | Trial: | | **TBD** |

**18.    TRIAL**

The parties expect trial to last approximately one week.

JOINT CASE MANAGEMENT CONFERENCE STATEMENT          CASE NO.:  5:07-cv-06365 JW

1

**19.    DISCLOSURE OF NON-PARTY INTERESTED ENTITIES
OR PERSONS**

2

3        Pursuant to Civil Local Rule 3-16, Atlantic Mutual filed its Certification of Interested Entities

or Persons on December 18, 2007.  (Dkt. #002.)  Wright filed its certification February 12, 2008.

4
(Dkt. #12.)

5

**20.    OTHER MATTERS**

6

7        The parties believe that a comprehensive protective order is appropriate because Wright is

currently litigating the underlying action.

8

9

Dated:  March 28, 2008                        SELVIN WRAITH HALMAN LLP

10

11

12                                            By: _____
                                                  Gary R. Selvin
13                                                Mark E. Inbody
                                                  Attorneys for Plaintiff
14                                                Atlantic Mutual Insurance Company

15

16   Dated:  March 26, 2008                     GRECO TRAFICANTE SCHULZ & BRICK

17

18                                            By: _____
                                                  Jon S. Brick
19                                                Attorneys for Defendant
                                                  Norman S. Wright Mechanical Equipment Corp.
20

21

22

23

24

25

26

27

28

**CASE MANAGEMENT ORDER**

The Case Management Statement and Proposed Order is hereby adopted by the Court as the Case Management Order for the case and the parties are ordered to comply with this Order.  In addition the Court orders:

Dated: _____

By: _____
UNITED STATES DISTRICT COURT JUDGE

47215.doc

JOINT CASE MANAGEMENT CONFERENCE STATEMENT          CASE NO.: 5:07-cv-06365-JW

| Re: | **Atlantic Mutual Insurance Company v. Norman S. Wright Mechanical, et al.** |
|---|---|
| **Court:** | **U.S.D.C. - Northern District of California - San Jose Division** |
| **Action No.** | **5:07-cv-06365 JW** |

## PROOF OF SERVICE

I declare that I am over the age of 18, am not a party to the above-entitled action, and am an employee of Selvin Wraith Halman LLP whose business address is 505 14th Street, Suite 1200, Oakland, Alameda County, California 94612.

On March 28, 2008, I served the following document(s):

### JOINT CASE MANAGEMENT CONFERENCE STATEMENT

**By ELECTRONIC FILE TRANSFER TO ECF FILE & SERVE:** By transmitting a true copy the document(s) listed above for service on all parties in this case pursuant to applicable statutes, local rules and/or order of this Court.

Mr. Jon S. Brick
Greco Traficante Schulz & Brick
185 West 'F' Street, Suite 400
San Diego, CA  92101
Telephone No.:    (619) 234-3660
Fax No.:            (619) 234-0626
Email:  jsb@gtlaw.cc

Attorneys for Defendant:
NORMAN S. WRIGHT MECHANICAL
CORPORATION

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Dated:  March 28, 2008

Laura L. Sanchez

1