Paul A. Traficante, Esquire, State Bar No. 096224
Jon S. Brick, Esquire, State Bar No. 120474

LAW OFFICES
**GRECO TRAFICANTE SCHULZ & BRICK**
185 WEST F STREET - SUITE 400
SAN DIEGO, CALIFORNIA 92101
(619) 234-3660 / FAX: 234-0626

Attorneys for Defendant NORMAN S. WRIGHT MECHANICAL CORPORATION

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ATLANTIC MUTUAL INSURANCE COMPANY,<br><br>            Plaintiff,<br><br>      v.<br><br>NORMAN S. WRIGHT MECHANICAL EQUIPMENT CORPORATION; RICHARD LEAO; TRUCK INSURANCE EXCHANGE; ADVANCED MICROTHRRM, INC.; HVAC SALES, INC.; JOHN KARAMANOS; and DOES 1 through 10,<br><br>            Defendants. | Case No.: C07-06365-JW<br><br>**REPLY TO OPPOSITION TO MOTION TO DISMISS OR STAY ACTION**<br><br>**Date:**       April 14, 2008<br>**Time:**       9:00 a.m.<br>**Courtroom:** 8<br>**Judge:**      Hon. James Ware |

ATLANTIC MUTUAL's Opposition ignores a central issue: ATLANTIC MUTUAL helped fund the "settlement" which NORMAN WRIGHT's other insurance carrier, TRUCK, arranged with the underlying plaintiff in order to settle only a single claim, thereby permitting TRUCK, and ATLANTIC MUTUAL, to withdraw from the defense while leaving their insured exposed to the remaining claims as well as substantial defense costs. ATLANTIC MUTUAL is relying solely on TRUCK's "settlement" of the defamation claim as the basis to not only withdraw its defense, but seek reimbursement of fees from its insured.

Although ATLANTIC MUTUAL is not currently a party to the State Court action,

that action challenges the settlement which TRUCK conspired with the underlying plaintiffs to achieve. ATLANTIC MUTUAL helped fund that settlement. (To date, neither TRUCK nor ATLANTIC MUTUAL have produced a copy of the settlement agreement as TRUCK apparently maintains that it is protected by a confidentiality provision.)

For various reasons, NORMAN WRIGHT has not included ATLANTIC MUTUAL in its State Court action against TRUCK, principally because WRIGHT and ATLANTIC MUTUAL have been attempting to resolve their dispute and, indeed, have requested an early settlement conference with this Court as part of that effort. Whether or not ATLANTIC MUTUAL is a party to the State Court action, WRIGHT should not be forced to litigate the insurer-driven settlement in separate courts. Indeed, any ruling by this Court may be used by TRUCK, or other parties, in the State Court action to argue that the legitimacy of the settlement has already been ruled upon.[1]

ATLANTIC MUTUAL seems to suggest that the "fact" of the "settlement" is a foregone conclusion and that the Court need only decide the consequences of that settlement. However, given the circumstances of this case and those surrounding this particular settlement – which was engineered by TRUCK for the sole purpose of allowing it to withdraw from the defense while leaving its insured exposed to potential damages and substantial defense costs – will necessarily be before the Court. In other words, ATLANTIC MUTUAL is attempting to take advantage of a settlement, which it helped to fund, designed to benefit the insurance companies to the detriment of the insured. While ATLANTIC MUTUAL may not have been the driving force behind the settlement – and the details of that settlement have not been explored nor disclosed to NORMAN WRIGHT – ATLANTIC MUTUAL is trying to take advantage of it. The legitimacy of the settlement and its effect on NORMAN WRIGHT's insurance coverage is at issue in the State Court and will necessarily be an issue before this Court.

---

[1] NORMAN WRIGHT does not believe that such action would be proper, however, given TRUCK's treatment of its insured throughout the handling of this matter it is a distinct possibility.

## **CONCLUSION**

NORMAN WRIGHT has not only had to defend itself in the underlying action, it has also had to fight its own insurers at virtually every step in order to obtain the benefits of the insurance policies which it purchased. This Court need not, and should not, involve itself in determining the coverage issues arising from the insurer's purported settlement of the underlying action, particularly when that settlement favors only the insurance companies while leaving the insured hung out to dry. NORMAN WRIGHT respectfully requests that the Court dismiss or, alternatively, stay this action pending final resolution of the coverage questions in the State Court.

Dated: March 31, 2008                    GRECO TRAFICANTE SCHULZ & BRICK

                                         By:    *s/ Jon S. Brick*
                                                Paul A. Traficante, Esq.
                                                Jon S. Brick, Esq.
                                                Attorneys for Defendant NORMAN
                                                S. WRIGHT MECHANICAL
                                                CORPORATION